OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20060058257 01/14/2006 11:06
ELECTRONIC RECORDING

FIRST AMERICAN
LENDERS ADVANTAGE

05 MAR 21 AM 11:02

WHEN RECORDED MAIL TO:
HOUSEHOLD FINANCE CORPORATION
577 LAMONT ROAD
ELM HURST, IL 60126

## DEED OF TRUST

☐ IF BOX IS CHECKED, THIS MORTGAGE SECURES FUTURE ADVANCES.

THIS DEED OF TRUST is made this 11TH day of JANUARY , 20 05 , among the Trustor,
WILLIE HAYNES AND GRETA A HAYNES, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT
OF SURVIVORSHIP
(herein "Borrower"), HOUSEHOLD REALTY CORPORATION
(herein "Trustee") and the Beneficiary, HOUSEHOLD REALTY CORPORATION
corporation organized and existing under the laws of DELAWARE whose address is
3800 NORTH CENTRAL AVE, SUITE #0200, PHOENIX, AZ 85012
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ 140,036.56 ,
evidenced by Borrower's Loan Agreement dated JANUARY 11, 2005 and any extensions or renewals
thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly
installments of principal and interest, including any adjustments to the amount of payments or the contract rate if
that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on
JANUARY 11, 2035 ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ , or so
much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
and extensions and renewals thereof (herein "Note"), providing for monthly
installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the
interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial
advance of $ ;

BORROWER in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of
MARICOPA State of Arizona:

LOT 132, OF DEL MONTE PLAZA, ACCORDING TO THE PLAT OF
RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA
COUNTY, ARIZONA, RECORDED IN BOOK 65 OF MAPS, PAGE 2.

Which has the address of 2241 E PLEASANT LN, PHOENIX

Arizona 85040 (herein "Property Address")

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note, including any variations resulting from changes in the contract rate.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property,, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust; (b) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (c) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (d) The creation of a purchase-money security interest for household appliances; (e) a transfer to a relative resulting from the death of the Borrower; (f) a transfer where the spouse or child(ren) becomes an owner of the property; or (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (h) A transfer into an interviros trust in which the Borrower is a, and remains, the beneficiary and occupant of the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in the Note or in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust,Lender may declare all sums secured hereby immediately due and payable, as provided in the Note, by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold the Property under this Deed of Trust. Lender also shall deposit with Trustee this Deed of Trust and said Note.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Borrower, Trustee, or Lender, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of: All sums then secured hereby, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in ARS - 33-812. To the extent permitted by law, an action may be maintained by Lender to recover a deficiency judgment for any balance due hereunder.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto. Lender may collect from Borrower the fee charged by the Trustee to reconvey the Property. Borrower shall pay all costs of recordation.

21. Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

22. Time of Essence. Time is of the essence of each covenant of this Deed of Trust.

23. Waiver. Borrower waives all rights of homestead exemption in the property.

24. Mailing Addresses. Borrower's mailing address is the address stated in the Note. Trustee's mailing address is

25. Arbitration Rider to Note. The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

(This space intentionally left blank)

## REQUEST FOR NOTICE DE DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with lien which has priority over this Deed of Trust to give Notice to Lender, at Lender, at Lender's address set forth on page one of the Deed of Trust, of any default under the superior encumbrance of any sales or other foreclosure action.

I understand that I am entitled to take a copy of all loan documents away form the Lenders's place of buisness for review prior to signing any loan documents.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____
WILLIE HAYNES                    -Borrower

_____
                                 -Borrower

If individual borrower is married, spouse signature required here:

_____
GRETA A HAYNES

MARICOPA

STATE OF ARIZONA, _____ County ss:

On this ___11TH___ day of __JANUARY__, 20 __05__, before me personally appeared __WILLIE HAYNES AND GRETA A HAYNES__ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that __THEY__ executed the same as __THEIR__ free act and deed.

OFFICIAL SEAL
BRANDON L. LOCKER
Notary Public - State of Arizona
MARICOPA COUNTY
My comm. expires Oct. 21, 2006

_____
Notary Public

My Commission expires: 10/21/06

Title Order No._____ Escrow Loan or Loan No. _____

STATE OF ARIZONA, _____ County ss:

On this _____ day of_____, 20_____, before me personally appeared_____ to me known to be the persons(s) described in and who executed the foregoing instrument, and acknowledged that_____ executed the same as_____ free act and deed.

_____
Notary Public

My Commission expires:

Title Order No._____ Escrow Loan or Loan No. _____

(Space Below This Line Reserved For Lender and Recorder)

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126