Theodore P. Witthoft (State Bar I.D. No. 021632)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: twitthoft@wdlawpc.com

Attorneys for Trustee David A. Birdsell

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| WILLIE HAYNES and GRETA ANN HAYNES, | ) Case No. 2:18-bk-00685-PS |
| | ) |
| | ) **TRUSTEE'S MOTION TO APPROVE** |
| Debtors. | ) **STIPULATION REGARDING REAL** |
| | ) **PROPERTY OF ESTATE** |
| | ) |
| | ) (2241 E. Pleasant Ln., Phoenix, Arizona, |
| | ) 85042) |
| | ) |

The Chapter 7 trustee, David A. Birdsell ("Trustee"), by and through his attorneys, Witthoft Derksen, P.C., hereby files his motion ("Motion") to approve the stipulation ("Stipulation") concerning the real property of the estate located at 2241 E. Pleasant Ln., Phoenix, Arizona, 85042 ("Real Property") with Willie Haynes and Greta Haynes ("Debtors"). The Stipulation is attached hereto as Exhibit A and incorporated herein by this reference. This Motion is supported by the accompanying memorandum of Points and Authorities, attached exhibit, and the entire record before the Court, all of which is incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.      On January 24, 2018, the Debtors filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      Mr. Birdsell is the duly appointed Chapter 7 trustee of Debtors' bankruptcy case.

3.      On the Petition Date, the Debtors were the title owners of the Real Property.

4.      The Debtors have claimed the Real Property as exempt their homestead ("Homestead Exemption Claim").

5.      The Real Property is encumbered by two consensual liens, including the lien held by OneMain Financial holds a lien in the amount of $38,637.14[1] based upon a debt owed by the Debtors encumbering the Real Property ("OneMain Lien").

6.      The Trustee is attempting to sell the Real Property through a short sale wherein the first lienholder will provide the estate a "carve-out" for the estate.

7.      Furthermore, the Trustee has entered into a settlement concerning the OneMain Lien wherein, among other things, after a 6% sale commission, ordinarily closing costs, any real property taxes/HOA fees, and payment of the first lien, OneMain shall split (50/50) with the Trustee any sale proceeds available to pay the Lien[2] ("OneMain Settlement").

## TERMS AND CONDITIONS OF STIPULATION

8.      The Debtors consent to the Trustee selling the Real Property through a Section 363 sale in the Bankruptcy Court subject to higher and better offers at an auction conducted by the Bankruptcy Court.

9.      The Debtors agree to vacate the Real Property and remove any personal property they have located at the Real Property on or before October 12, 2018 and leave the Real Property in "broom-clean condition."

10.     The Trustee will cooperate with the Trustee and his broker(s) to sell the Real Property.

---

[1] This is the amount owing as of August 9, 2018. Interest will continue to accrue at the rate per the note executed by the Debtors.

[2] For example, if there are only proceeds enough from the sale of the Real Property to pay $22,000 to the Lien (i.e. after payment of the 6% sale commission, ordinarily closing costs, any real property taxes/HOA fees, and payment of the first lien), OneMain would receive $11,000 and the Trustee would receive $11,000 from the Real Property sale proceeds out of escrow.

- 2 -

11.     If there are any proceeds from a future Section 363 sale of the Real Property after payment of a 6% sale commission, ordinarily title closing costs, any real property taxes/HOA obligations, payment of the first lien, and payment of the OneMain Lien (which is to be split (50/50) with the Trustee per the OneMain Settlement), the remaining sale proceeds shall be disbursed to the Debtors for their Homestead Exemption Claim.

12.     This Stipulation is subject to bankruptcy court approval.

WHEREFORE the Trustee respectfully requests the Court approve the Motion and the Stipulation.

Respectfully submitted.

WITTHOFT DERKSEN, P.C.


By /s/ Theodore P. Witthoft     #021632
    Theodore P. Witthoft
    Attorneys for David A. Birdsell,
    Trustee

Copy of the foregoing *emailed/mailed
this 31st day of August, 2018, to:

*Larry Watson, Esq.
United States Trustee's Office
230 North First Avenue, Suite 204
Phoenix, Arizona  85003-1706
Larry.Watson@usdoj.gov

*David A. Birdsell
216 North Center
Mesa, Arizona 85201
Chapter 7 Trustee
ecf@azbktrustee.com

Willie Haynes
Greta Ann Haynes
2241 E. Pleasant Ln.
Phoenix, AZ  85042
Debtors

*Eric R. Thieroff
Oswalt Law Group, P.C.
3933 S. McClintock Drive, Ste. 500
Tempe, AZ  85282
ethieroff@oswaltlawgroup.com


/s/ Aimee Bourassa

# EXHIBIT A

Theodore P. Witthoft (State Bar I.D. No. 021632)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: twitthoft@wdlawpc.com

Attorneys for Trustee David A. Birdsell

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| WILLIE HAYNES and GRETA ANN HAYNES, | ) Case No. 2:18-bk-00685-PS |
| | ) |
| | ) **STIPULATION REGARDING REAL** |
| Debtors. | ) **PROPERTY OF ESTATE** |
| | ) |
| | ) |
| | ) (2241 E. Pleasant Ln., Phoenix, Arizona, |
| | ) 85042) |
| | ) |

The Chapter 7 trustee, David A. Birdsell ("<u>Trustee</u>"), by and through his attorneys, Witthoft Derksen, P.C., and Willie Haynes and Greta Haynes ("<u>Debtors</u>"), by and through their attorneys, Oswalt Law Group, P.C., hereby submit this stipulation ("<u>Stipulation</u>") concerning certain real property of the estate located at 2241 E. Pleasant Ln., Phoenix, Arizona, 85042 ("<u>Real Property</u>"). The Trustee and the Debtors hereby stipulate and agree as follows:

### FACTS

1.      On January 24, 2018, the Debtors filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      Mr. Birdsell is the duly appointed Chapter 7 trustee of Debtors' bankruptcy case.

3.      On the Petition Date, the Debtors were the title owners of the Real Property.

4.      The Debtors have claimed the Real Property as exempt their homestead ("<u>Homestead Exemption Claim</u>").

5.      The Real Property is encumbered by two consensual liens, including the lien held by OneMain Financial holds a lien in the amount of $38,637.14[1] based upon a debt owed by the Debtors encumbering the Real Property ("OneMain Lien").

6.      The Trustee is attempting to sell the Real Property through a short sale wherein the first lienholder will provide the estate a "carve-out" for the estate.

7.      Furthermore, the Trustee has entered into a settlement concerning the OneMain Lien wherein, among other things, after a 6% sale commission, ordinarily closing costs, any real property taxes/HOA fees, and payment of the first lien, OneMain shall split (50/50) with the Trustee any sale proceeds available to pay the Lien[2] ("OneMain Settlement").

## TERMS AND CONDITIONS OF STIPULATION

8.      The Debtors consent to the Trustee selling the Real Property through a Section 363 sale in the Bankruptcy Court subject to higher and better offers at an auction conducted by the Bankruptcy Court.

9.      The Debtors agree to vacate the Real Property and remove any personal property they have located at the Real Property on or before October 12, 2018 and leave the Real Property in "broom-clean condition."

10.     The Debtors will cooperate with the Trustee and his broker(s) to sell the Real Property.

11.     If there are any proceeds from a future Section 363 sale of the Real Property after payment of a 6% sale commission, ordinarily title closing costs, any real property taxes/HOA obligations, payment of the first lien, and payment of the OneMain Lien (which is to be split

---

[1] This is the amount owing as of August 9, 2018. Interest will continue to accrue at the rate per the note executed by the Debtors.

[2] For example, if there are only proceeds enough from the sale of the Real Property to pay $22,000 to the Lien (i.e. after payment of the 6% sale commission, ordinarily closing costs, any real property taxes/HOA fees, and payment of the first lien), OneMain would receive $11,000 and the Trustee would receive $11,000 from the Real Property sale proceeds out of escrow.

1   (50/50) with the Trustee per the OneMain Settlement), the remaining sale proceeds shall be

2   disbursed to the Debtors for their Homestead Exemption Claim.

3         12.    This Stipulation is subject to bankruptcy court approval.

4         Respectfully submitted.

5   WITTHOFT DERKSEN, P.C.        OSWALT LAW GROUP, P.C.

6

7   By /s/ Theodore P. Witthoft  #021632    By /s/ TPW #021632 (w/ permission from ERT)

8       Theodore P. Witthoft           Eric R. Thieroff

9       Attorneys for David A. Birdsell,     Attorneys for Debtors
        Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26